IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-034-CR




STATE OF TEXAS,



 APPELLANT


vs.





JERALD AIELLO,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY, 


NO. 346,207, HONORABLE BRENDA KENNEDY, JUDGE


 





PER CURIAM

 The State appeals an order of the trial court dismissing an information on the
ground that appellee was denied his right to a speedy trial. Tex. Code Cr. P. Ann. art.
44.01(a)(1) (Supp. 1991). The information accused appellee of driving while intoxicated, first
offense.

 This cause began on January 12, 1990, when appellee was arrested. A complaint
and information charging appellee with driving while intoxicated were filed on February 8, 1990,
under cause number 333,305. On July 23, a pretrial hearing on appellee's motion to suppress was
held and the motion was overruled. Appellee filed a first motion for continuance on August 7. 
The motion was granted and the cause was set for trial on August 28. On that date, both sides
announced ready but the cause was not reached. At a subsequent docket call, both sides again
announced ready and the cause was reset for trial on October 3. On that date, the State filed its
first motion for continuance, citing the absence of a witness. The motion was granted and the
cause was reset for October 24, after both sides announced ready once again.

 On October 19, 1990, the State moved to dismiss cause number 333,305. The
motion was granted, and on November 15 a new complaint and information were filed under
cause number 346,207. The allegations in the second information are identical to those in the
first. In response, appellee filed his motion to dismiss for failure to provide a speedy trial and,
alternatively, for failure to comply with Tex. Code Cr. P. Ann. art. 29.05 (1989). In the sworn
motion, appellee contended that a State witness was not available for the October 24 trial date; 
that the prosecutor feared that a second motion for continuance would not be granted; that the
State moved to dismiss the original information solely for the purpose of delay; and that because
a defense witness had moved to Arizona on November 20, 1990, the State's delay of appellee's
trial had injured his ability to present a defense.

 At the hearing on appellee's motion held January 4, 1991, the prosecutor denied
that the motion to dismiss the original complaint had been filed as to delay appellee's trial. 
According to the prosecutor, the State was motivated by concern that there was a fatal variance
between the original information and the complaint on which it was based. (1)
 However, the
prosecutor acknowledged "in all candor" that a State witness was not available for trial on October
24, and that she had told appellee's counsel that a second continuance would be sought by the
State. The prosecutor did not contest the allegation that appellee's ability to call the defense
witness had been impaired by the delay.

 In granting appellee's motion to dismiss, the court reasoned:


So, the whole problem with it is basically that it is unfair -- I mean, no matter what
the reason, and I am sure [the prosecutor's] intentions were honorable, but you
can't dismiss a case for the purpose of refiling it and then refile the exact same
allegation.


It is just kind of unfair to the defendant. He is saying that he had witnesses who
are now unavailable that he would have been able to present on that prior date.


. . .


Actually what I am saying is even if he has one witness that is unavailable and he
had four instead of five witnesses, it would still be unfair to defendant for the State
to be able to dismiss a case for the purpose of refiling it and then when the case is
refiled it is the exact same case that was pending, whether the defendant was ready
to go to trial. So for that reason, I am going to grant the defense motion to dismiss
this case.


Actually he stated his constitutional speedy trial ground, which could be, could be.



 The right to a speedy trial is guaranteed by the Sixth and Fourteenth Amendments
of the United States Constitution. Klopfer v. North Carolina, 386 U.S. 213 (1967). The same
right is assured by the constitution and laws of Texas. Tex. Const. Ann. art. I, § 10 (1984); Tex.
Code Cr. P. Ann. art. 1.05 (1977). If a motion to set aside an indictment, information, or
complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. 
Tex. Code Cr. P. Ann. art. 28.061 (1989).

 To determine whether a speedy trial has been denied, a court must employ a
balancing test in which the actions of both the defendant and the prosecution are weighed. Four
factors should be considered: length of delay, reason for delay, the defendant's assertion of his
right, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972); Turner v.
State, 545 S.W.2d 133, 136 (Tex. Cr. App. 1976). No one factor is either a necessary or
sufficient condition to the finding of a deprivation of the right to a speedy trial; they are related,
and must be considered together with such other circumstances as may be relevant. Barker, 407
U.S. at 533. This balancing process must be carried out with full recognition that the accused's
interest in a speedy trial is specifically affirmed in the Constitution. Id.

 We have summarized the relevant facts in detail. Without restating them, and
keeping in mind that the balancing process is "difficult and sensitive," Id., we find that the trial
court did not abuse its discretion by granting appellee's motion to dismiss for want of speedy trial.


 The order of the county court at law dismissing the information is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: September 11, 1991

[Do Not Publish]
1. The original complaint alleged that appellee "did not have the normal use of his mental and
physical faculties by reason of the introduction of alcohol into the said defendant's body," while
the information alleged that appellee "did not have the normal use of his mental and physical
faculties by reason of the introduction of alcohol into the said defendant's body and defendant had
an alcohol concentration of at least 0.10." In its brief, the State does not refer to any authority
discussing whether such a variance is material, nor did it cite any authority during the hearing
below. Appellee did not object to the original complaint and information. See Tex. Code Crim.
Proc. Ann. art. 1.14(b) (Supp. 1991).